IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| **Ariel Gomez**, | No. 18 C 3335 |
| Plaintiff, | Hon. Charles P. Kocoras, District Judge |
| v. | |
| **Reynaldo Guevara, Berscott Ruiz, Alan Pergande, Edward Mingey, Robert Biebel, Unknown Employees of the City of Chicago**, and **the City of Chicago**, Illinois, | |
| Defendants. | **Plaintiff's Motion to Compel** *Monell* **Discovery** |

# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ARIEL GOMEZ            )
                           )   Case No. 1:18-cv-03335
          Plaintiff,    )
        v.              )   Hon. Charles P. Kocoras
                           )   District Judge
REYNALDO GUEVARA, et. al.,   )
                           )   Hon. Michael T. Mason
          Defendants.   )   Magistrate Judge
                           )
                           )
                           )   JURY TRIAL DEMANDED
                           )

## PLAINTIFF'S SECOND REQUEST TO PRODUCE
## DOCUMENTS TO DEFENDANT CITY OF CHICAGO

Plaintiff Ariel Gomez, by his undersigned attorneys, propounds the following Requests for Production of Documents, pursuant to Rule 34 of the Federal Rules of Civil Procedure, and applicable local rules, upon Defendant CITY OF CHICAGO to be answered within thirty days after service thereof.

## DEFINITIONS AND INSTRUCTIONS

1.     Plaintiff references and hereby incorporates the Definitions and Instructions set forth in Plaintiff's First Request to Produce Documents to the City of Chicago.

2.     "Allegation of Misconduct" refers to any complaint or criticism, including but not limited to written complaints, grievances, disciplinary records, personnel records, legal proceedings, or other Documents relating in any manner to

1

the job performance of any Chicago Police Department officers, regardless of the disposition of any resulting inquiry or investigation. This definition expressly includes, but is not limited to any and all internal affairs, COPA, IPRA, OPS, intra- or inter-departmental, and citizen complaints, Complaint Register files, and any other Documents generated by any unit or sub-unit of the City responsible for investigating complaints or criticisms of Chicago Police Department officers.

## REQUESTS FOR PRODUCTION

1. All Documents related to homicide investigations in the period from 1983 (*i.e.*, the enactment of Special Order 83-1 regarding the maintenance and disclosure of homicide files) through 2007 (*i.e.*, ten years after the Diaz Shooting Investigation). This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

2. All Documents related to homicide investigations in the period from 1983 (*i.e.*, the enactment of Special Order 83-1 regarding the maintenance and disclosure of homicide files) through 2007 (*i.e.*, ten years after the Diaz Shooting Investigation), where there was any claim of actual or alleged withholding of

exculpatory or impeaching information from a criminal defendant. This request includes each and every unit of the Chicago Police Department in which Documents related to homicide investigations are stored or maintained, including but not limited to Chicago Police Headquarters, the Office of Legal Affairs, the Records Division, Detective Division Areas, Gang Crimes, the Special Operations Section, the Evidence and Recovered Property Section (ERPS), the Chicago Crime Lab, and the Identification Section, as well as any storage warehouses, rooms, repositories, or other areas used by any unit of the Chicago Police Department.

3.      All Documents related to any Allegation of Misconduct against any Chicago Police Department officer in the ten years prior to and ten years after the Diaz Shooting Investigation alleging dishonest behavior, lying under oath, witness manipulation, improper behavior during interrogations or interviews, use of improperly suggestive, coercive, or torturous methods on suspects, arrestees, or witnesses, use of excessive force, false arrest, malicious prosecution, fabrication or planting of evidence, concealment or suppression of evidence, use of unduly suggestive visual or voice identification procedures, and lawsuits or administrative complaints filed in state or federal courts or agencies alleging police or prosecutorial misconduct. This request specifically seeks but is not limited to (a) the date of any Allegation of Misconduct, the type of Allegation of Misconduct, and the result of any investigation or disciplinary proceeding with respect to each such Allegation of Misconduct, and (b) the complete file for each Allegation of Misconduct within the period specified in this request.

Respectfully Submitted,

**ARIEL GOMEZ,**

By: /s/    Sean Starr
        *One of Plaintiff's attorneys*

Jon Loevy
Arthur Loevy
Anand Swaminathan
Steve Art
Rachel Brady
Sean Starr
LOEVY & LOEVY
311 North Aberdeen Street, 3FL
Chicago, IL 60607
(312) 243-5900
sean@loevy.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that she served the foregoing document upon all parties of record by electronic mail on October 15, 2018.

_/s/ Sean Starr_____

*One of Plaintiff's attorneys*