UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.7.1.1
Eastern Division

Ariel Gomez
                Plaintiff,

v.                                               Case No.: 1:18−cv−03335
                                                         Honorable Charles P. Kocoras

Reynaldo Guevara, et al.
                Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, July 17, 2024:

      MINUTE entry before the Honorable Jeannice W. Appenteng: For the reasons stated below, defendants' motion to compel Lake County, Indiana State's Attorney's Office to comply with defendant officers' subpoena [247] is denied. On May 10, 2018, plaintiff filed this lawsuit alleging he was wrongfully convicted of a murder that occurred June 13, 1997. After many extensions, fact discovery was ordered to close on December 30, 2022 [189], and kept open until at least May 2, 2023 for the limited purpose of completing two depositions [201]. On March 26, 2024, defendants moved to reopen fact discovery to issue third−party subpoenas regarding, *inter alia*, charges brought against plaintiff by the Lake County State's Attorney's Office ("LCSAO") for an alleged November 14, 2023 attempted murder of his ex−wife and her daughter. ([232] at 2−3.) Defendants argued the discovery is needed as 404(b) evidence to demonstrate motive regarding the 1997 murder, to undermine plaintiff's credibility or to impeach him, and to evaluate plaintiff's damages. (See [232] at 3, 9−10; see also [247] at 6.) Defendants further argued that because plaintiff was evading arrest, this discovery was necessary to show plaintiff could not continue this action under the fugitive disentitlement doctrine, which this Court acknowledges allows the district court to dismiss a civil action if the party seeking relief has become a fugitive from justice. (See [232] at 3, 10.) The Court granted defendants' motion to reopen discovery "for the limited purpose of issuing record subpoenas related to information defendants discovered only on or after 2/17/2024." [233] Defendants issued subpoenas to LCSAO seeking documents about the November 14, 2023 attempted murder, but LCSAO withheld such records because the case is still pending with investigations ongoing. ([247] at 2, 3.) Defendants then moved to compel LCSAO's response [247]. Rule 45 governs subpoenas issued to non−parties, with the scope "as broad as what is otherwise permitted under" the discovery rules. *In re: Subpoena Upon Nejame Law, PA.*, No. 16−cv−4619, 2016 WL 3125055, at *2 (N.D. Ill. June 3, 2016). Accordingly, through a Rule 45 subpoena, parties may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The district court has broad discretion to resolve discovery disputes, and a motion to compel discovery is handled at the discretion of the trial court. *See, e.g., Jackson v. City of Chicago*, No. 03 C 8289, 2006 WL 2224052, at *3 (N.D. Ill. July 31, 2006). Here, defendants' reasons for wanting the November 2023 attempted murder case file − 404(b) evidence, impeachment, and damages − at best have a tenuous link to

relevance to the June 1997 murder, plaintiff's related allegations of wrongful conviction, and any possible defense defendants could assert, particularly because the material relates to charged conduct for which plaintiff has not been convicted. Moreover, the Court finds that the LCSAO's entire November 2023 attempted murder case file is not proportional to the needs of the case. Defendants seemingly have information from public records to achieve the ends they seek at trial (although, whether they can use it is an issue for the District Judge to decide), and they have the information needed for the fugitive disentitlement doctrine – i.e., plaintiff has been charged and is failing to appear. And, for all these reasons, the Court need not reach the issues of privilege raised in defendant's motion. Accordingly, the Court denies defendants' motion to compel [247]. The limited fact discovery is now closed. Given expert discovery is also closed [235], all matters relating to the referral of this action are concluded; the referral is terminated. Mailed notice. (kl, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.